# Exhibit A

Filed 6/21/2021 3:53 PM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ April Gomez
Midland County  - 441st District Court

CAUSE NO. __CV57705__

| | | |
|---|---|---|
| **DONALD CHRISENBERRY** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| **LEVI KETCHER and** | § | |
| **SYNERGY UNDERGROUND, LLC** | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR
JURY TRIAL, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE DISTRICT JUDGE OF THIS COURT:

COMES NOW, **DONALD CHRISENBERRY**, Plaintiff, complaining of Defendants, **LEVI KETCHER** and **SYNERGY UNDERGROUND, LLC**, and for cause of action would respectfully show the court the following:

### I.   DISCOVERY CONTROL PLAN

1.1   Consistent with the requirements of Rule 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff pleads that discovery should be conducted under Level 3 of Rule 190.4.

### II.   PARTIES

2.1   Plaintiff, **DONALD CHRISENBERRY**, is an individual who resides in Midland County, Texas, at 1100 W. County Road 74 Rd, Midland, Texas.

2.2   Defendant, **LEVI KETCHER** (hereinafter referred to as "Mr. Ketcher"), is an individual who resides in Tulsa County, Oklahoma and may be served with process at 739 N. Quebec Ave., Tulsa, OK 74115, or wherever he may be found.

2.3   Defendant, **SYNERGY UNDERGROUND, LLC** (hereinafter referred to as "Synergy"), is a limited liability company which regularly conducts business in the State of Texas.

1

Synergy's principle place of business is in Canadian County, 26129 W. Access Road, Calumet, Oklahoma 73014-8442 and may be served by serving its registered agent, Rick Warren, at 201 Robert S. Kerr Avenue, Suite 1600, Oklahoma City, OK 73102, or wherever she may be found.

### III.    VENUE

3.1    Venue of this lawsuit is proper in a pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002 (General Rule), as all or substantial part of the events or omissions giving rise to this cause of action occurred in MIDLAND COUNTY, Texas.

### IV.    JURISDICTION

4.1    Jurisdiction is appropriate in the Judicial District Court of MIDLAND COUNTY, Texas, in that lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

4.2    Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is substantially over ONE-HUNDRED THOUSAND DOLLARS ($100,000.00).

### V.    ALTER-EGO/MISNOMER

5.1    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

### VI.    FACTS

6.1     On April 27, 2019, Plaintiff, Donald Chrisenberry, was traveling lawfully in his vehicle, within the speed limit, heading eastbound on IH-20 in or around Midland County, Midland, Texas. At the same time Defendant, Levi Ketcher, while in the course and scope of his employment with Defendant Synergy, was traveling in his work vehicle eastbound on IH-20 as well, directly behind Plaintiff. As Defendant Ketcher was attempting to merge lanes, Defendant Ketcher plowed in the rear of Plaintiff's vehicle, at a very high rate of speed.  Defendant Ketcher stated he has has cruise control activated and set, yet when he attempted to apply the brakes, the cruise control did not deactivate, thus causing the massive collision with Plaintiff.

6.2     Mr. Ketcher was a permissive and authorized user of the commercial vehicle owned by Synergy, which was involved in the wreck in question.

6.3     As a direct and proximate result of Mr. Ketcher's negligence and failure to follow traffic laws, Plaintiff sustained severe injuries, both physically and mentally, from the moment of impact to the present time. Further, as a result of the collision, Plaintiff has undergone, and continues to undergo comprehensive medical treatment.

## VII.     CAUSES OF ACTION

### NEGLIGENCE OF DEFENDANT SYNERGY HDD

7.1     At the times relevant herein, Defendant SYNERGY UNDERGROUND, LLC is an organization in Calumet, Oklahoma and is part of the Power Line & Telecommunications Infrastructure Construction Contractors Industrdy, and thus distributes products and performs its services through the use of public roadways. Defendant Synergy thus owed Plaintiff and the public the duty to use reasonable care in the hiring of drivers, training of drivers, supervision of drivers, and the maintenance of its vehicles. Additionally, it owed a duty to Plaintiff and to the general public to ensure its vehicles are non-defective and/or dangerous and that they all their vehicles be

operated in full compliance with applicable laws and standards of ordinary care in hiring, training, monitoring, and dispatching of its drivers, including Defendant Levi Ketcher. It is clear that Synergy violated these duties.

7.2 The negligent actions and/or omissions attributed to Defendant Synergy include, but are not limited to the following acts or omissions:

- A. Failure to adequately train and warn its drivers on the danger of operating company vehicles;

- B. Negligently entrusting its vehicle to Defendant Ketcher when it knew or by the exercise of reasonable care should have known that Defendant Ketcher was unfit for the employment for which he was hired;

- C. Negligently hiring Defendant Ketcher when it knew or by the exercise of reasonable care should have known that Mr. Ketcher was not qualified for the purpose of operating its vehicles;

- D. Negligently hiring Defendant Ketcher when it knew or by the exercise of reasonable care should have known that Defendant Ketcher was an unsafe driver and was not competent to perform the requisite duties of his employment in a safe and prudent manner;

- E. Failing to train Defendant Ketcher in the proper operation, inspection, maintenance, record-keeping, and check-in necessary for the safe operation of this motor vehicle;

- F. Failing to properly train and supervise Defendant Ketcher as a driver and for failing to know, or in the exercise of ordinary care, should have known that

   Defendant Ketcher was a careless and incompetent driver and would operate the vehicle negligently and cause a collision;

G. Owning and operating faulty vehicles on public roadways;

H. Failing to properly inspect, repair, and/or negligently upkeeping the vehicles, trucks, and other equipment Synergy owned and operated on public roadways.

### **NEGLIGENCE OF DEFENDANT CHRISTOHPER KETCHER**

7.3 Defendant Levi Ketcher owed the motoring public, including Plaintiff, a duty to properly and safely operate the vehicle in a safe matter. Said Defendant violated this duty.

7.4 The negligent actions and/or omissions attributed to Defendant Ketcher, include, but are not limited to, the following acts or omissions:

A. In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

B. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code §545.401, which constitutes negligence;

C. In failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

D. Imperiling other persons by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

E. Imperiling other motorists by performing an act or omission prohibited by traffic law, in violation of Texas Transportation Code §542.301, which constitutes negligence;

F. Failure to yield right of way to oncoming traffic;

G. In failing to exercise that degree of care and prudence which an ordinary reasonable person would exercise under the same or similar circumstances;

H. Driver inattention;

I. Failing to avoid what was an otherwise avoidable accident;

J. Driving at an unsafe speed.

7.5    Each of the foregoing acts and/or omissions, singularly or in combination with others, constitute negligence and each proximately caused the collision made the subject of this lawsuit and the injuries and damages sustained by Plaintiff. Moreover, the negligence of Defendant in violating the Texas Transportation Code, as described above, constitutes negligence as a matter of law.

## **RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

7.6    Plaintiff would show that Defendant Levi Ketcher was at all times material to this incident acting within the course and scope of his employment, agency, service with the authority of, and under the direct control of Defendant Synergy. In the alternative, if such be necessary, Defendant Synergy, through management has authorized and/or ratified the described conduct of Mr. Ketcher. As a result of the foregoing, Defendant Synergy is vicariously liable for the damages proximately caused by the conduct of Defendant Ketcher.

7.7    Therefore, since Defendant Ketcher was at the time of the incident made the basis of this lawsuit acting within the course and scope of his employment for Defendant Synergy, then

pursuant to the doctrine of respondeat superior, Mr. Ketcher's negligent acts and/or omissions are imputed to Defendant Synergy.

## VIII.   NEGLIGENCE – PROXIMATE CAUSE

8.1   Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

## IX.   DAMAGES

9.1   Plaintiff, **DONALD CHRISENBERRY**, is entitled to the following legal damages as a result of the conduct of the Defendants:

A.   Medical, hospital, pharmaceutical expenses in the past;

B.   Medical, hospital, and pharmaceutical expenses that, in reasonable probability, he will incur in the future;

C.   Loss of earnings capacity in the past;

D.   Loss of earning capacity that, in reasonable probability, he will sustain in the future;

E.   Physical pain and physical suffering in the past;

F.   Physical pain and physical suffering that, in reasonable probability, he will suffer in the future;

G.   Mental anguish in the past;

H.   Mental anguish that, in reasonable probability, he will suffer in the future;

I.   Physical disfigurement in the past;

J.   Physical disfigurement that, in reasonable probability, he will suffer in the future;

K.   Physical impairment in the past;

  L. Physical impairment that, in reasonable probability, he will suffer in the future;

  M. Loss of enjoyment of life;

  N. Costs of court; and,

  O. Such other and further relief to which Plaintiff may be entitled.

 9.2 The above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, agents and/or employees, acting within the course and scope of its employment and/or agency. Because of all the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff will ask a jury to consider the elements of damages and award a reasonable sum of money for each. Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

 9.3 Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, exclusive of costs and interest.

## X. JURY DEMAND

10.1 Plaintiff respectfully requests a trial by jury.

## XI. PREJUDGMENT & POSTJUDGMENT INTEREST

11.1 Plaintiff is entitled to recovery of pre-judgment and post-judgment interest.

## XII. RULE 193.7 NOTICE

12.1 Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.   REQUESTS FOR DISCLOSURE

13.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendant are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon a final trial by jury, that a Judgment be rendered for Plaintiff and against the Defendants for actual damages in an amount the jury deems reasonable, which is in excess of the minimum jurisdictional limits of the Court, along with costs of court, and both past and pre-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**GRANADOS & ASSOCIATES, PLLC**

By: */s/ Jordan Michael Torry*
Jordan M. Torry
Texas Bar No. 24058152
11303 Chimney Rock, Suite 109
Houston, Texas 77035
(713) 234-5115 - telephone
(713) 583-9599 - fax

**ATTORNEYS FOR PLAINTIFF**

9